NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 6, 2015[*]
Decided November 6, 2015

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 15-1424

| | |
|---|---|
| DANNEZ HUNTER, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Illinois |
| | Eastern Division. |
| *v.* | |
| | No. 14 C 06011 |
| PEPSICO, INC., et al., | |
| *Defendants-Appellees*. | Edmond E. Chang, |
| | *Judge*. |

## O R D E R

Purportedly suing on behalf of the estate of his long-deceased great-grandmother, Dannez Hunter seeks $3 billion in royalties allegedly owed her. Hunter asserts that his great-grandmother is Anna Short Harrington, who portrayed the famed Aunt Jemima in pancake-mix and syrup advertisements for the Quaker Oats Company. The district court dismissed the complaint for lack of standing. For the same reason, we affirm.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

According to Hunter's complaint, the defendants owe Harrington money for playing Aunt Jemima in public appearances and commercials from 1935 until her death in 1955. Quaker Oats discovered Harrington cooking pancakes at a state fair and convinced her to sign a contract for the use of her image. Quaker Oats and several other companies allegedly stole 64 secret recipes from her and withheld $3 billion owed to her under the contract. On behalf of the estate's many heirs, Hunter asserts state-law claims of fraud, conversion, conspiracy, unfair competition, and discrimination.

The district court dismissed the complaint. Only the executor or administrator of an estate has standing to sue on its behalf, the court explained, but Hunter did not allege that he is either or that an open estate even exists. Moreover, the court continued, even if Hunter is an heir, one heir may not sue on behalf of a multi-heir estate.

On appeal Hunter does not challenge the district court's dismissal for lack of standing. Instead he argues that the defendants engaged in tortious "industrial espionage" by stealing Harrington's secret recipes, withholding royalties, and conspiring with defense counsel, the government, and the Republican party to cover it all up. But the district court correctly dismissed Hunter's complaint for lack of standing. A federal court in Illinois hearing a case under diversity jurisdiction looks to Illinois's choice-of-law rules to determine the applicable substantive law. *See McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 684 (7th Cir. 2014). For tort actions, Illinois applies the law of the state where the injury occurred, which in this case Hunter alleges to be Illinois and New York. *See Tanner v. Jupiter Realty Corp.*, 433 F.3d 913, 915–16 (7th Cir. 2006); *Esser v. McIntyre*, 661 N.E.2d 1138, 1141 (Ill. 1996). And as the district court correctly noted, under the laws of those states only the executor or administrator may sue on behalf of the estate. *See Will v. Northwestern Univ.*, 881 N.E.2d 481, 492–93 (Ill. App. 2007) (survival actions in Illinois must be brought by the estate's administrator or representative); *Jackson v. Kessner*, 618 N.Y.S.2d 635, 637 (N.Y. App. Div. 1994) ("It is elementary that the executors or administrators represent the legatees, creditors, and distributes in the administration of the estate; that their duty is to recover the property of the estate . . . ." (internal quotation marks omitted)).

Hunter has not alleged standing to sue on behalf of the estate. First, he does not assert that he is the estate's executor or administrator. To the contrary, in his motion in the district court requesting leave to become the administrator (which the court had no power to grant, *see Struck v. Cook Cty. Pub. Guardian*, 508 F.3d 858, 859–60 (7th Cir. 2007)), he suggests that he is *not* the estate's legal representative. He asserts only that he is one

of Harrington's many heirs. But even if that is true, it does not give him standing to sue on behalf of the estate's interests. *See Will*, 881 N.E.2d at 492–93 (beneficiaries and heirs have neither a right of action nor any control); *Jackson*, 618 N.Y.S.2d at 637 (next-of-kin and legatees have no independent cause of action on their own behalf or on behalf of the estate). And beyond that, even if he were the estate's legal representative, he could not sue on behalf of the estate's many beneficiaries because he is pro se. *See Malone v. Nielson*, 474 F.3d 934, 937 (7th Cir. 2007) (an estate's legal representative may not sue pro se). Therefore, the complaint properly was dismissed.

AFFIRMED.